*1274 OPINION.
SteRnhagen:
The petitioner contends that its net income has been overstated by respondent through the disallowance of two items — the alleged loss in respect of wrapping paper, and the alleged loss of buildings demolished.
The issue as to the wrapping paper is not clearly framed. It is referred to as a “ loss,” although not under section 234, but as a closing inventory of supplies. The fact relied upon by petitioner is that the so-called Victory Wrappers were too small for its postwar loaves and could only be used by applying two wrappers to each loaf *1275 This is said to have reduced the usefulness of the wrappers by one-half, and hence it is contended that one-half of the cost should be written down out of income. Market value was no less than cost; only the usefulness was changed. In our opinion there was neither loss nor reduced inventory, and the respondent is sustained.
The second issue lacks evidence upon which the alleged loss can be found. However convincing may be the evidence that the buildings were bought for their own sake and not as an incidental burden upon the land, so that their demolition may have caused a loss, it is not possible from the evidence to determine the loss. The cost of the buildings as distinguished from the land or as proportioned to the whole, the extent of intervening exhaustion applicable or applied to such cost, and the extent of demolition in proportion to the cost, are not proved. The respondent is on this issue sustained.
Judgment will be entered on 15 days’ notice., under Rule 50.